IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COCA-COLA BOTTLING CO., CONSOLIDATED, INC., ) ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL ACTION NO. 05-0230-P-B |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS, LOCAL UNION NO. 991, ) ) ) ) ) | |
| Defendant. ) | |

ORDER *In re* MOTION FOR ATTORNEYS' FEES

Pending before this court is a Second Motion For An Award of Attorneys' Fees and Expenses filed by defendant the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 991 (the "Union") (doc.33), the prevailing party in this action brought under Section 301 of the National Labor Relations Act, 29 U.S.C. § 185 (the "Act"), by plaintiff Coca-Cola Bottling Co. Consolidated, Inc. (hereinafter referred to as "CCB"), seeking to vacate a labor arbitration award issued under the terms of a collective bargaining agreement.[1]  CCB has timely opposed the Motion (doc.37).

The Union seeks fees and expenses in the amount of $24,951.06 (expenses in the amount of $390.06 (doc.33) + paralegal fees of $45.00 ($45.00 x 1 hr. = $45.00) + attorneys' fees in the amount of $24,516.00 (90.80 hrs. x $270.00 per hour = $24,516.00)).  Defendant's counsel states that although their

---

[1] On January 26, 2006, this court denied CCB's Motion For Summary Judgment and granted the Union's Motion For Summary Judgment, upholding the Arbitration Award issued against CCB (doc.28).  Judgment was entered the same day (doc.29).

On February 9, 2006, the Union filed a Motion For Attorneys' Fees (doc.30).  This court found the Motion lacking and denied it without prejudice to be re-filed on or before February 24, 2006 (doc.31).  On February 22, 2006, CCB filed a Notice of Appeal of the court's Judgment (doc.32).  On February 24, 2006, the Union filed the subject Second Motion (doc.33).

client was charged a discounted hourly rate ($125.00 per hour), a "non-market-based and public spirited decision, based upon a belief in the social worth of labor unions in our society[,]" the award should be based on a higher rate, i.e., $270.00 per hour. Id., p.5-6. At the discounted rate, the Union's total fees and expenses amount to $11,785.06 (expenses in the amount of $390.06 + paralegal fees of $45.00 ($45.00 x 1 hr. = $45.00) + attorneys' fee in the amount of $11,350.00 (90.80 hours x $125.00 per hr. = $11,350.00)).

As grounds for the requested fee and expenses, the Union contends that this action was brought by CCB without justification, contrary to settled law regarding the limited nature of judicial review of labor arbitration awards. Id., p.2-3. The Union contends that in attacking the Arbitrator's Decision, CCB wrongly claimed that the Arbitrator inappropriately left the details of the make-whole monetary remedy for further proceedings, erred on the merits of the award, and failed to discuss certain points to a sufficient degree. Id.

In opposition, CCB states that the Union's Motion should be denied insofar as CCB had substantial justification for seeking to vacate the Arbitrator's Decision (doc.37). CCB contends that its effort to vacate is based on precedent from the Eleventh Circuit and other Circuits. Id., p.2. CCB also states that it "has evidenced good faith by engaging in ongoing negotiations with the Union... *that is* [CCB] has not simply *refused* to abide by the [A]rbitrator's decision even as [it] seeks [appellate] review of that decision." Id., p.3 (emphasis in original). CCB adds: "Should the Union dispute these facts[, i.e., the negotiations, see Id., p.7], [CCB] requests a hearing to establish the facts because the reality is that the parties have negotiated over the 'remedy' extensively..." Id., p.7. CCB also contends that the Union's requested attorneys' fee is "far in excess of the rate actually paid... and far in excess of a reasonable hourly rate for experienced labor counsel within the Southern District of Alabama." Id., p.1.

Although the Act does not authorize the granting of attorneys' fees for violations under § 301, the district court has discretionary authority "under its equity power if a party violates § 301(a) in bad faith, vexatiously, wantonly or for oppressive reasons." Varnes v. Local 91, Glass Bottle Blowers Association

of the United States and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982); International Association of Machinists and Aerospace Workers, District 776 v. Texas Steel Company, 538 F.2d 1116, 1122-23 (5th Cir. 1976); Intern'l Union of District 50, United Mine Workers of America v. Bowman Transportation, Inc., 421 F.2d 934, 935 (5th Cir. 1970) (The district court has discretionary authority to award attorneys' fees "where it determines that a party has without justification refused to abide by the award of an arbitrator.").[2] "Without justification," in this context means "to take an unreasonable, *clearly wrong* position - no matter how sincere the belief behind it-is... 'without justification'." Graphic Communications International Union, Local 121-C v. Southern Coupon, Inc., 852 F.Supp. 970, 978 (N.D.Ala. (Apr. 21, 1993)).

This court notes that the Union's Motion does not include a discussion of the alleged ongoing negotiations referred to by CCB, which CCB apparently has raised in defense of the "without justification" charge and the inferred bad faith contention. Without all the facts and a full discussion of the issues involved, this court cannot address the issue of attorneys' fees. Thus, the court finds that a reply to CCB's Opposition is necessary.

Accordingly, it is ORDERED that on or before Thursday, March 30, 2006, the Union shall file a reply to CCB's Opposition to its Second Motion For Award of Attorneys' Fees and Expenses. Should the court determine that a hearing is necessary, it will be scheduled and the parties will be notified.

DONE this 16th day of March, 2006.

   S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.