IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COCA-COLA BOTTLING CO., CONSOLIDATED, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 05-0230-WS-B |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS, LOCAL UNION NO. 991, | ) ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Alter or Amend (doc. 53), and on the Response (doc. 54) filed by plaintiff.

This action's fairly complex procedural history having been set forth in some detail in Orders (docs. 41, 52) entered on July 16, 2006 and May 11, 2007, it will repeated here only in summary form. Plaintiff, Coca-Cola Bottling Co., Consolidated, Inc. ("CCB"), brought this action seeking to vacate an arbitration award in favor of defendant, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers, Local Union No. 991 (the "Union"), on a grievance pertaining to CCB's implementation of a new distribution system without Union consent. Senior Judge Pittman, to whom the case was initially assigned, entered summary judgment in the Union's favor. Before disposition of the Union's ensuing motion for attorney's fees, however, this action was transferred to the docket of the undersigned. This Court granted the fee request, in part, and awarded the Union attorney's fees and expenses totaling $11,785.06.

CCB appealed both rulings. The Eleventh Circuit granted CCB at least interim relief from both the summary judgment ruling and the fees ruling. In particular, the appellate court remanded the former for a determination of whether the amount of damages should be submitted to the original arbitrator or to a new arbitrator, and remanded the latter for reconsideration in light of its ruling on the damages issue. Upon remand, the undersigned ordered supplemental

briefing on the narrow question of what procedure should be used for determination of the Union's damages in the underlying arbitration.  Following briefing, the Court entered an Order (doc. 52) on May 11, 2007, resolving the outstanding legal issues as follows: (i) the issue of damages is properly decided by the original arbitrator, so the action is remanded to Arbitrator Harold Curry for that purpose; (ii) upon reconsideration, the attorney's fee award in the Union's favor is reinstated in a total amount of $11,785.06; and (iii) this action is stayed pending the outcome of arbitration, subject to the parties' obligation to submit joint monthly status reports.

On May 14, 2007, the Union filed its Motion to Alter or Amend (doc. 53). Notwithstanding the fact that the May 11 Order was unquestionably favorable to it, the Union seeks alteration or amendment of that Order to include an additional award of attorney's fees and expenses "for work done after the original fee award – i.e., work on appeal, and work on remand to this Court." (Motion, at 1.)  The Union cites no authority of any kind for its request, but simply sets forth its emphatic stance that its position has remained constant throughout this litigation and that it in no way contributed to the decidedly inefficient manner in which this lawsuit has unfolded.  Solely on that basis, the Union states that "as a matter of equity and law, [it] should be entitled to a full award of fees rather than a partial award." (*Id.* at 5.)

Although the Motion does not identify any rule, statutory provision or other authority on which it purports to be predicated, the context suggests that it was brought pursuant to Rule 59(e), Fed.R.Civ.P., which generally allows for filing of motions to alter or amend judgment within 10 days after entry of such judgment.  Rule 59(e) does not specify the circumstances under which relief on such a motion may be granted; however, courts have generally granted such requests only in the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Aird v. United States*, 339 F. Supp.2d 1305, 1312 (S.D. Ala. 2004) (citations omitted); *see also McNair v. Campbell*, 315 F. Supp.2d 1179, 1182 (M.D. Ala. 2004) (Rule 59(e) motion may be granted for manifest errors of law or fact on which judgment is based, newly discovered or previously unavailable evidence, manifest injustice in the judgment, or intervening change in controlling law).  "The decision to alter or amend judgment is committed to the sound discretion of the district judge." *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F. 2d 1237, 1238-39 (11th Cir. 1985).  Thus, "[e]ven

when a movant has stated legally cognizable grounds for relief from a final judgment, such relief is granted rarely and only in extraordinary circumstances." *Jacobs v. Electronic Data Systems Corp.*, 240 F.R.D. 595, 600 (M.D. Ala. 2007) (explaining that in evaluating such requests, courts weigh competing interests of finality, conservation of judicial resources, adjudication on merits, and doing justice).

Viewed through this lens, the Union's Motion cannot succeed.  There has been no intervening change in controlling law on the issue of availability of attorney's fees in this context, nor could there conceivably be new and previously unavailable evidence that might have a bearing on this question.  Similarly, any suggestion by the Union (which it has not articulated, in any event) that the May 11 Order's failure to award supplemental attorney's fees constitutes a clear error or would effect manifest injustice is untenable.  The May 11 Order did not deny the Union fees and expenses incurred on appeal and on remand; to the contrary, the Union had never requested such an award from this Court, so the issue was not even before the Court for disposition as of May 11.  Rule 59(e) cannot logically justify alteration or amendment of a ruling to award relief that a litigant never previously requested from the Court.  Procedurally, the proper vehicle for the Union's request is not a Rule 59(e) motion, but is instead a motion for attorney's fees and expenses post-dating the initial award.  At any rate, the fact that the May 11 Order did not anticipate and preemptively, *sua sponte*, adjudicate any request for supplemental attorney's fees and expenses that the Union might choose to file at some point in the future does not qualify as the sort of clear error or manifest injustice that the Rule 59(e) procedure is intended to redress.

Although the foregoing is sufficient to dispose of the motion as filed, the Court recognizes that concluding the analysis here would be tantamount to inviting the Union to file a motion for a supplemental fee award, which would trigger further briefing, delay, expense and inefficiency for all involved.  For that reason, in the interests of efficiency and judicial economy, and to avoid further protracting and complicating these proceedings, the undersigned will construe the Motion to Alter or Amend as, in fact, being a motion for award of attorney's fees and expenses incurred by the Union on appeal and following remand by the Eleventh Circuit.  No such award is warranted here.  "Under the 'American Rule,' the default assumption is that each party is responsible for its own legal fees, and thus fees ordinarily will not be awarded to

the prevailing party without express statutory authority." *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003). Of course, it is also well established in the labor arbitration context that a "district court has authority to award attorneys' fees where it determines that a party has without justification refused to abide by the award of an arbitrator." *International Union of Dist. 50, United Mine Workers of America v. Bowman Transp., Inc.*, 421 F.2d 934, 935 (5th Cir. 1970). In its previous Orders, the undersigned has determined that CCB, in bringing this action, effectively refused, without justification, to abide by the ruling of Arbitrator Curry. (*See* docs. 41, 52.) The Court remains of that opinion. (*See* May 11 Order, at 13-17.) But the question of whether the Union is entitled to attorney's fees expended on appeal of the District Court rulings and on the ensuing remand by the Eleventh Circuit is distinct. Obviously, CCB's appeal had merit, else the Eleventh Circuit would not have granted relief to CCB and remanded the case to the District Court for further proceedings; therefore, it is nigh impossible to view CCB's act of pursuing an appeal deemed meritorious as having been brought without justification, being frivolous or vexatious, or being the product of bad faith, as would be necessary to extend the award of fees to embrace that appeal and the ensuing remand. Moreover, as CCB points out, it would be most extraordinary, or even downright bizarre, to award attorney's fees against CCB for an appeal in which CCB was unquestionably the prevailing party.

     The point is simple: Irrespective of whether this action was substantially justified in its inception (and the Court has stated repeatedly that it was not), CCB's successful appeal was plainly meritorious. As such, it would defy both time-honored principles of the American Rule and everyday common sense to punish CCB for bringing a successful appeal by requiring it to pay the Union's attorney's fees and expenses incurred in such appeal and the aftermath of same. Accordingly, the undersigned in its discretion finds that no supplemental award of attorney's fees and expenses is appropriate to reimburse the Union for litigation costs incurred in defending unsuccessfully against CCB's appeal and the ensuing remand.[1]

---

       [1] In so concluding, the Court explicitly declines to adopt CCB's contention that the Union's request for a supplemental fee award is precluded by the "law of the case" doctrine. CCB argues that because the Eleventh Circuit denied the Union's request for attorney's fees, the law of the case doctrine forbids this Court from making such an award now. But this argument places greater weight on the appellate order than it can bear. Far from making a final

For all of the foregoing reasons, it is hereby **ordered** that the Union's Motion to Alter or Amend (doc. 53), whether construed as a motion to alter or amend judgment under Rule 59(e) or as a motion for supplemental award of attorney's fees and expenses, is due to be, and the same hereby is, **denied**.  No additional award will be made to reimburse the Union for attorney's fees and expenses incurred in connection with CCB's successful appeal and the ensuing remand of this action to this Court.

DONE and ORDERED this 1st day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

determination that the Union was not entitled to attorney's fees in connection with the appeal, the Eleventh Circuit merely stated that the Union's request was "DENIED without prejudice in light of the REMAND of this case to the district court.  Following the district court's disposition on remand, appellees may renew their motion if a subsequent appeal is necessary."  (Eleventh Circuit Order dated December 26, 2006.)  This denial without prejudice, and subject to renewal, is hardly the sort of conclusive, final mandate to which the law of the case doctrine may reasonably apply; accordingly, nothing in the appellate court's December 26, 2006 order would bar this Court from entertaining a request for attorney's fees by the Union.